UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CAREN HEDRICK, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:21-cv-633 |
| ) | |
| v. ) | Removed from the Circuit Court of |
| ) | Jackson County, MO |
| HOME DEPOT USA INC. DBA HOME ) | Case No. 2116-CV15291 |
| DEPOT, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Home Depot U.S.A., Inc. ("Defendant"), appears in the above-captioned action for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Caren Hedrick v. Home Depot U.S.A., Inc.*, Case No. 2116-CV15291 currently pending in the Circuit Court of Jackson County, Missouri. Defendant removes this case on grounds of diversity jurisdiction because (a) there is complete diversity of citizenship between Plaintiff Caren Hedrick ("Plaintiff") and Defendant and (b) the amount in controversy exceeds $75,000. In support of its Notice of Removal, Defendant states as follows:

1. On July 19, 2021, Plaintiff commenced the above-captioned action in the Circuit Court of Jackson County, Missouri by filing her Petition in the action styled *Caren Hedrick v. Home Depot U.S.A., Inc.*, Case No. 2116-CV15291

2. On August 2, 2021, Plaintiff served Home Depot with a summons and a copy of the Petition.

3. As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit A**. Copies of all pleadings filed in Jackson County are being filed.

4. Pursuant to 28 U.S.C. § 1446, Defendant's removal of this action is timely as this removal was filed within 30 days of Defendant's waiver of service and acknowledgement of receipt of the Petition and summons.

5. Plaintiff's Petition alleges gender discrimination under the MHRA (Count I), retaliation in violation of the MHRA (Count II), hostile work environment in violation of the MHRA (Count III), disability discrimination and harassment under the MHRA (Count IV), and age discrimination under the MHRA (Count V).

## DIVERSITY OF CITIZENSHIP

6. The United States District Court for the Western District of Missouri has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a)(1).

7. Plaintiff Caren Hedrick is a citizen of Missouri. *See* Petition ¶ 1.

8. Defendant's principal place of business is in the State of Georgia and it is incorporated under the laws of the State of Delaware. *See* Petition, ¶ 3; Declaration of Liselle Bartholomew at ¶ 5, attached as **Exhibit B**. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, Defendant is a citizen of the States of Delaware and Georgia, not Missouri.

9. Therefore, there is complete diversity of citizenship between the parties.

## AMOUNT IN CONTROVERSY

10. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might legally conclude" that the plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). Courts

consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

11. Under the MHRA, a plaintiff may recover back pay, front pay, compensatory damages (including damages for emotional distress), punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. § 213.111.2.

12. Plaintiff's alleged damages include actual, punitive, and compensatory damages, front and back pay, garden-variety mental and emotional distress, with prejudgment and post-judgment interest, attorneys' fees and costs. *See* Petition, ¶¶86-88, 102-104, 118-120, 136-138, 149-150, and "WHEREFORE" Clauses. Although the Petition does not allege a specific amount of damages sought, Defendant believes in good faith that the amount in controversy exceeds $75,000, based upon the allegations in the Petition, and without any admissions as to the merits of those allegations.

13. Courts consider attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992). If Plaintiff prevails on her claims at trial, there is a legal certainty that her attorneys' fees themselves will exceed $75,000. *See e.g., Lin v. Washington Univ. et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($319,635 judgment entered for attorneys' fees); *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($180,000 judgment entered for attorneys' fees); *Green v. City of St. Louis et al.*, Case No. 1422-CC09588 (St. Louis City Circuit Court, September 1, 2016) ($120,000 judgment entered for attorneys' fees).

14. A plaintiff may also recover emotional distress damages under the MHRA. While such damages are now capped at $500,000 for MHRA claims (including punitive damages), compensatory damages (including emotional distress, as claimed by Plaintiff herein), have been awarded in similar discrimination cases in Missouri venues, ranging from $167,000 to $750,000, even when the only evidence of emotional distress comes from the testimony of the Plaintiff and not an expert witness treating health care provider. *See e.g., Lin v. Washington Univ., et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($269,000 judgment entered after jury verdict in the amount for actual damages); *Horn v. St. Louis Univ.*, Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($167,000 judgment entered after jury verdict in this amount for actual damages).

15. Additionally, Plaintiff seeks punitive damages under the MHRA. Though these damages are capped at $500,000 under the MHRA (including compensatory damages), recovery of punitive damages even in a modest amount would surpass the jurisdictional threshold for removal. Further, under Missouri jurisprudence, for purposes of considering punitive damages, actual damages include attorneys' fee awards. *See Hervey v. Missouri Dept. of Corrections*, 379 S.W.3d 156, 163-65 (Mo. 2012) (en banc). Thus, if successful, there is a reasonable probability that Plaintiff's punitive damages, alone, would exceed $75,000, based upon punitive damage awards in recent employment lawsuits.

16. Indeed, if successful, it is difficult to see how the aggregate award for damages and attorneys' fees would not easily exceed the statutory threshold for diversity jurisdiction. Jury verdicts and attorneys' fees awards received by plaintiffs for the same or similar claims have exceeded $75,000. *See, e.g., Lin v. Washington Univ. et al.,* 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($500,000 judgment entered after jury verdict in this amount for

4

punitive damages); *Horn v. St. Louis Univ.,* Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($200,000 judgment entered after jury verdict in this amount for punitive damages); *Alhalabi v. Mo. Dep't of Natural Res.*, No. 2106CC-0189 (Mo. Cir. Ct. St. Louis Cnty., 2008) (the jury awarded plaintiff $187,000 in actual damages, $150,000 in punitive damages, and the court awarded $474,949 in attorneys' fees); and *Crudup v. Raytown C-2 Sch. Dist.*, No. 03CV232362 (Mo. Cir. Ct. Jackson Cnty., 2006) (awarding $318,011 in attorneys' fees and over $300,000 in actual and punitive damages).

17. Thus, the Petition easily seeks more than $75,000, which satisfies the amount in controversy requirement.

18. Accordingly, the District Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

19. Under 28 U.S.C. §§ 1441(a) and 1446(a), and Local Rule 3.1, the U.S. District Court for the Western District of Missouri, Western Division, is the appropriate court for removing an action from the Circuit Court of Jackson County, Missouri, where this action was filed.

## CONCLUSION

20. Defendant properly removes this case to federal court pursuant to 28 U.S.C. § 1331 and 1332 because there is complete diversity between Plaintiff Caren Hedrick and Defendant and the amount in controversy exceeds $75,000.

21. After filing this Notice of Removal, Defendant will promptly give notice in writing to Plaintiff Caren Hedrick and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Defendant respectfully requests this Court assume control over this action, as this action is properly removed retaliation claims to Missouri state court.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

    By: /s/ Shelley I. Ericsson
        Shelley I. Ericsson   MO #48047
        Sarah E. Jones   MO #71957
        4520 Main Street, Suite 400
        Kansas City, MO 64111
        816.471.1301
        816.471.1303 (*Facsimile*)
        shelley.ericsson@ogletree.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September 2021, the foregoing was electronically filed with the Court Administrator through the CM/ECF system and service was made via email and U.S. Mail:

David A. Lunceford   MO #47014
LUNCEFORD LAW FIRM, LLC
201 SE 1st Street
Lee's Summit, MO 64063
816.525.4701
816.347.0366
LLF.DLunceford@gmail.com

**ATTORNEYS FOR PLAINTIFF**

    /s/ Shelley I. Ericsson
    **ATTORNEY FOR DEFENDANT**

47915648.2