Electronically Filed - Jackson - Independence - July 19, 2021 - 09:21 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| CAREN HEDRICK ) | |
| c/o Lunceford Law Firm ) | |
| 201 SE 1st Street ) | |
| Lee's Summit, MO 64063 ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| HOME DEPOT USA INC. ) | |
| DBA ) | |
| HOME DEPOT ) | **JURY TRIAL DEMANDED**, |
| ) | |
| Serve: Store 3006 ) | |
| 4210 South Lee's Summit Road ) | |
| Independence, MO 64055 ) | |
| ) | Service by PPS |
| Defendant. ) | |

**PETITION FOR DAMAGES**

Plaintiff, Caren Hedrick, by and through undersigned counsel, states the following as her

Petition for Damages:

1.     Plaintiff is, and at all relevant times was, an individual residing in Jackson County,

Missouri.

2.     Defendant Home Depot ("Defendant") is a corporate entity that conducts business in

Missouri and employed Plaintiff at Store #3006, 4210 South Lee's Summit Road

Independence, MO 64055.

3.     At all relevant times, Defendant was Plaintiff's employer as defined by, and within

the meaning of, the Missouri Human Rights Act (MHRA), MO. REV. STAT. § 213.010(7).

4. During the time Plaintiff worked for Defendant, said Defendant had more than six (6) employees.

5. Plaintiff's causes of action are filed against Defendant pursuant to the MHRA, MO. REV. STAT. §213.010 *et seq*., which allow suits against employers.

6. On or about January 20, 2020, Plaintiff timely filed a *Charge of Discrimination* with the Missouri Commission on Human Rights ("MCHR") in which she asserted claims of discrimination based on disability, sex, age, hostile work environment, retaliation, and complained of an ongoing and continuous action by the Defendant.

7. On or about April 23, 2021, the MCHR issued its Notice of Right to Sue and Plaintiff is filing her Petition within 90 days of her receipt of said Notice.

8. The *Charge of Discrimination* Plaintiff filed with the MCHR alleged Defendant engaged in discriminatory actions that are being raised in this lawsuit or, alternatively, alleged conduct within the scope of the administrative investigation which could reasonably be expected to grow out of the Charge of Discrimination.

9. Pursuant to MO. REV. STAT. §§ 213.111.1, venue is proper in the Court as the allegations of discrimination arise out of Plaintiff's employment with Defendant in Jackson County, Missouri.

10. Plaintiff has fulfilled all conditions precedent to the bringing of this claim and has duly exhausted all administrative procedures and remedies with respect to her Charge of Discrimination and this lawsuit for discrimination, harassment, hostile work environment and retaliation prior to instituting this lawsuit in.

**FACTS COMMON TO ALL COUNTS**

11.     At all times relevant herein, Plaintiff was employed by Defendant at Defendant's store located at 4210 South Lee's Summit Rd, Independence, MO 64055.

12.     Plaintiff is a female born in 1959, and is a member of a protected class pursuant to RSMo. § 213.055.

13.     Plaintiff's employment with Defendant began in 2010.

14.     Plaintiff's performance reviews had been excellent, and she won many awards for work.

15.     In 2017, Plaintiff had the only positive comp of any paint department in our district.

16.      In 2018, two of Plaintiff's three departments made plan for both halves of the year; and for the first half of 2019, Plaintiff's three departments were the only three departments in our store to exceed plan.

17.     Around August 2019, two younger, less experienced and less tenured associates, Kendra Wolz("Wolz") and Steven Camplove ("Camplove") were allowed to become a key carrier and admitted into ASM training.

18.      Plaintiff made sales goals far more frequently than both Walz and Camplove, and had far more responsibility and associates to supervise.

19.     On September 16, 2019, Plaintiff was involved in a workplace accident.

20.     On the day of the accident, Plaintiff ,with permission from ASM Hector Robelito, was packing down pallets of paint.

21.     The shelves had a lot of holes due to a recent paint sale and the store was having a regional walk through, which included the vice president.

22.     Plaintiff  was to receive recognition from the vice president for supervising the only three departments in the store to make and exceed the planned sales goal for the first half of 2019.

23.     At 10:30 p.m., Plaintiff began to pull a pallet of five-gallon paint from the overhead. Plaintiff had the gates put up properly and a spotter.

24.     When Plaintiff lifted the pallet off the top shelf, she couldn't see that the edge of the pallet behind was sitting on it, so when she raised the pallet, it lifted the pallet behind it and the spotter didn't see it.

25.     Consequently, the spotter did not stop Plaintiff, and the five gallon buckets began falling one-by-one to the ground.

26.     Around fifteen five-gallon buckets of paint broke open in the aisle.

27.     Plaintiff got off the machine and asked the spotter if he was and okay, and Plaintiff immediately called the manager on duty, Jeramy Manfredi ("Manfredi") and informed him.

28.     Plaintiff asked him if she was fired.

29.     Manfredi asked "Did you have gates up?", and Plaintiff said, "Yes."

30.     Manfredi then asked "Did you have a spotter?", to which Plaintiff replied "Yes".

31.     Manfredi stated "You did everything right and you didn't break any S.O.P.'s."

32.     Plaintiff immediately started cleaning it up and left at 8:30 a.m. the next morning.

33.     Shortly after speaking with Manfredi, Plaintiff spoke with Natasha McClure ("McClure"), the night Freight Supervisor, who told Plaintiff that the pallet that Plaintiff was trying to remove had a pallet sitting on top of it that had been put up there sideways.

34.     The shelves are very narrow, and employees should only put the pallets up in one direction. Otherwise, they stick out, which violates Defendant's S.O.Ps.

4

35. Plaintiff subsequently spoke with one of her supervisors, Jay Bucher ("Bucher") and he informed Plaintiff that the paint was not hooked to the pallet correctly and that is why the five-gallon buckets fell like dominoes.

36. On September 24th, 2019, Plaintiff was notified that she needed to take a drug test.

37. Plaintiff submitted to the drug test and was given a mouth swab test in the training room of our store by a fellow department supervisor.

38. Defendant claimed that Plaintiff tested positive for meth.

39. Plaintiff has never used meth in her life.

40. Plaintiff was humiliated and distraught after being accused of testing positive for meth.

41. Plaintiff was never shown the results of the test and never given the opportunity to retest or appeal the test.

42. Plaintiff was terminated on October 1st, 2019.

43. Defendant allegedly had a policy that everyone involved in an accident which caused over $200 damage was to be automatically drug tested.

44. However, other male employees were not drug tested after causing over two hundred dollars worth of damage.

45. A younger, male employee named Lantz Nave ("Nave") was not tested after a similar accident in or around late 2018.

46. In or around May 2019, a younger, male employee named John Oaks ("Oaks") had an accident causing more than two hundred dollars worth of damage and was not drug tested.

47. Additionally, Plaintiff was prevented from reporting Oaks' accident, and made to clean it up.

48. At Plaintiff's unemployment appeal hearing, Home Depot admitted that they had not been following this policy consistently.

49. Plaintiff was administered a post-accident screen eight days after the accident.

50. Defendant's policies and procedures state that if given, the post-accident screen is to be administered immediately, all involved parties are to time out immediately, and then they are to be taken to the test site. Additionally, the results are only relevant for two days.

51. Plaintiff was using 3-4 hours of work per week to look after her son, but Defendant began requiring Plaintiff to make-up those hours.

52. Plaintiff was made to leave early or come in later her scheduled shift so as not to accrue over-time wages.

53. This created more opportunities for management to avoid transparency and create bogus attendance write-ups because actual hours worked frequently did not match scheduled start/end times.

54. Plaintiff documented her schedule variances even though they did not require a record of when she was forced to "burn" overtime.

55. Additionally, Plaintiff reported her concern to the District HR Rep as well.

56. Plaintiff's son had medical issues, including a hip replacement, in the summer of 2019 and Plaintiff had to care for her son and take him to doctor's visits regularly.

57. On or around July 19, 2019, Plaintiff requested that Defendant allow her to work on a "reduced schedule" while caring for her son.

58. Plaintiff followed Defendant's policies and procedures for requesting a "reduced schedule" and filled out the appropriate paperwork.

59. Plaintiff's son lived with her at the time of the request.

60. Plaintiff, as a caretaker of her son who has a disability, is a member of a protected class pursuant to RSMo. § 213.055.

61. Subsequently, Plaintiff began to get written up more often.

62. In July of 2019, Plaintiff was called to the Manager's office by ASM Hector Robelito ("Robelito").

63. ASM Bob Pritchert ("Pritchert")was already present.

64. They attempted to write Plaintiff up for a supposed procedural violation.

65. When Plaintiff pointed out the actual procedure vs. his perceived idea of how the duty was supposed to be done, Robelito told her she was still to be written up for allegedly missing a deadline, but he would hold off on the procedural infraction until he could get clarification from the MET Department Supervisor.

66. Plaintiff took the copy of the in-complete write-up with her in anticipation of their next meeting where she was promised "clarification".

67. After she left the office, Robelito altered that write up, and claimed that Plaintiff refused to sign it. He subsequently submitted it to District HR.

68. In August of 2019, Plaintiff was written-up for more alleged attendance infractions.

69. Plaintiff provided signed documentation that the dates and times were incorrectly entered by the scheduler and proved that she had follow procedures properly for designating her leave.

70. The scheduler acknowledged the times and dates were incorrect and told Plaintiff she would submit the correct request to have it changed.

71. Plaintiff followed up with her two times and it was never corrected. Defendant never removed the write up from her file.

72. After Plaintiff's termination, Wolz, the Department Supervisor, told other employees that Plaintiff had failed a drug test, causing further embarrassment to Plaintiff.

73. Furthermore, Defendant disputed that Plaintiff was entitled to unemployment benefits, causing Plaintiff to engage in the arduous process of appealing her denial of benefits.

74. During the unemployment benefits hearing, Defendant did not provide into evidence a copy of the test results or a chain of custody.

75. Defendant's sole witness admitted that she had not seen the results of the drug test, but had been told that Plaintiff failed.

76.     Due to the Defendant's conduct in disputing Plaintiff's unemployment benefits, Plaintiff and her son were evicted from their apartment. Plaintiff ultimately won her appeal.

77.     Defendant has discriminated against Plaintiff, retaliated against Plaintiff, and/or treated Plaintiff differently from Plaintiff's co-workers because of Plaintiff' sex, and/or age, and/or association with a disabled person in *at least* the following ways:

   a.  Terminating Plaintiff

   b.  Inaccurate writeups for attendance

   c.  Not following their own policies and procedures regarding drug testing and/or workplace safety.

   d.  Refusing to allow Plaintiff to appeal her drug test or even see the results.

   e.  Attempting to deny Plaintiff her unemployment benefits.

   f.  Allowing younger and less qualified employees to take trainings that were useful for future promotions, while denying them to Plaintiff.

   g.  Gossiping about Plaintiff's alleged drug use.

   h.  Drug testing Plaintiff after a workplace accident while failing to do so when younger male employees got in workplace accidents.

   i.  Refusing to timely grant Plaintiff her request for a reduced schedule.

   j.  Refusing to investigate Plaintiff's complaints of discrimination, harassment, retaliation, and hostile work environment.

   k.  Discriminatory enforcement of SOPs and attendance scheduling

   l.  Forcing Plaintiff to "burn" overtime

## COUNT I
## DISCRIMINATION BASED ON GENDER IN VIOLATION OF THE MHRA

78. Plaintiff incorporates by reference the above listed paragraphs as if set forth fully herein.

79. Plaintiff, who is a female, is a member of a protected class within the meaning of the MHRA. Mo. Rev. Stat. § 213.055.1.

80. Defendant illegally discriminated against Plaintiff on the basis of her gender by treating her differently than male employees as described herein.

81. After Defendant knew or should have known of the discrimination, harassment, and/or that Plaintiff was being treated differently than her co-workers, Defendant failed to adequately investigate, respond to, correct, and/or implement prompt and effective remedial action regarding the harassment, discrimination, or different treatment to which Plaintiff was subjected.

82. Defendants' conduct towards or concerning Plaintiff represents a pattern and practice by Defendants of harassing, discriminating, and/or treating employees differently because of their gender.

83. Defendant's actions and/or inactions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA. Mo. Rev. Stat. § 213.055.

84. Defendant's actions and/or inactions occurred by and/or through its agents, servants, or employees acting within the course and scope of employment.

85. Defendant subjected Plaintiff to discrimination, harassment, and/or treated Plaintiff differently than her co-workers on a continuous and/or ongoing basis.

86. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is entitled to other appropriate equitable relief.

87. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

88. Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

89. Any cap or limitation on Plaintiff's damages that may be imposed by RSMo. § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury. Mo. Const. art. I, 22(a); separation of powers, Mo. Const. art. II § 11; the right to equal protection, Mo. Const. art. I, § 2, the prohibition on special legislation, Mo. Const. art III, § 40; and the right to due process. Mo. Const. art. § 10.

**WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq.,*; for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper.

### COUNT II
### ILLEGAL RETALIATION IN VIOLATION OF THE MHRA

90.  Plaintiff incorporates by reference all paragraphs of this Petition as if set forth fully herein.

91.  During her employment, Plaintiff objected to and/or opposed the discrimination, harassment, and/or the hostile work environment she was subject to by, including, but not limited to, complaining to her supervisors, time schedulers, managers, and HR employees that her schedule and hours were protected while she was caring for her disabled son

92.  Plaintiff's complaints and opposition to Defendant about discrimination, harassment, and/or a hostile work environment are protected activities under the MHRA.

93.  Additionally, or in the alternative, Plaintiff's request for a reduced schedule due to the necessity that she care for her disabled son is protected activity under the MHRA.

94.  In retaliation for Plaintiff's engagement in protected activity the terms, conditions, and privileges of Plaintiff's employment were affected as described herein.

Electronically Filed - Jackson - Independence - July 19, 2021 - 09:21 AM

95. Defendant failed to take any remedial action with regard to Plaintiff's complaints about, opposition to, and/or objections to discrimination, harassment, and/or a hostile work environment.

96. Plaintiff's engagement in protected activity was a motivating factor in Defendant's decision to deny Plaintiff training, terminate Plaintiff, drug test Plaintiff, write up Plaintiff, treat Plaintiff differently than other employees, take other actions against Plaintiff as described herein, and/or to not investigate Plaintiff's complaints.

97. Defendant failed to take prompt and effective remedial action with regard to Plaintiff's complaints.

98. After Defendant knew or should have known of the discrimination, harassment, and/or that Plaintiff was being treated differently than her co-workers, Defendant failed to adequately investigate, respond to, correct, and/or implement prompt and effective remedial action regarding the harassment, discrimination, or different treatment to which Plaintiff was subjected.

99. Defendants' conduct towards or concerning Plaintiff represents a pattern and practice by Defendants of retaliating against complainants.

100. Defendant's actions and/or inactions constitute unlawful retaliation against Plaintiff in violation of the MHRA, Mo. Rev. Stat. § 213.055.

101. Defendant's actions and/or inactions occurred by and/or through its agents, servants, or employees acting within the course and scope of employment.

102. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, including damages past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential;

garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

103. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

104. Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

105. Any cap or limitation on Plaintiff's damages that may be imposed by RSMo. § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury. Mo. Const. art. I, 22(a); separation of powers, Mo. Const. art. II § 11; the right to equal protection, Mo. Const. art. I, § 2, the prohibition on special legislation, Mo. Const. art III, § 40; and the right to due process. Mo. Const. art. § 10.


**WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq.,* (2017); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper.

## COUNT III
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MHRA

106. Plaintiff incorporates by reference all paragraphs of this Petition as if set forth fully herein.

107. Plaintiff was subjected to unwelcome harassment  as described herein.

108. Plaintiff's sex, age, and/or association with an individual who was disabled contributed to the harassment and/or discrimination alleged herein.

109. Defendant subjected Plaintiff to the harassment and/or discrimination on a continuous and/or ongoing basis.

110. The harassment, discrimination, and/or retaliation to which Plaintiff was subjected affected the terms, conditions, and or privileges of Plaintiff's employment.

111. The discrimination, harassment, and/or retaliation to which Plaintiff was subjected created a hostile work environment.

112. The harassment, discrimination, and/or hostile working environment substantially interfered with Plaintiff's work performance.

113. Defendant knew or should have known of the harassment and/or hostile work environment to which Plaintiff was subjected.

114. Defendant failed to implement prompt and effective remedial action when they knew or should have known of the harassment and/or hostile work environment.

115. Defendant's actions and/or inactions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA, Mo. Rev. Stat. § 213.055.

116. After Defendant knew or should have known of the discrimination, harassment, and/or that Plaintiff was being treated differently than her co-workers, Defendant failed to

adequately investigate, respond to, correct, and/or implement prompt and effective remedial action regarding the harassment, discrimination, or different treatment to which Plaintiff was subjected.

117.  Defendant's actions and/or inactions occurred by and/or through its agents, servants, or employees acting within the course and scope of employment.

118.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

119.  Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

120.  Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

121.  Any cap or limitation on Plaintiff's damages that may be imposed by RSMo. § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury. Mo. Const. art. I, 22(a); separation of powers, Mo. Const. art. II § 11; the right to equal protection, Mo. Const. art. I, § 2, the prohibition on special legislation, Mo. Const. art III, § 40; and the right to due process. Mo. Const. art. § 10.

**WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq.,* (2017); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper. .

## COUNT IV

## ASSOCIATIONAL DISCRIMINATION BASED ON DISABILITY IN

## VIOLATION OF THE MHRA

122.     Plaintiff incorporates by reference the above listed paragraphs as if set forth fully herein.

123.    Plaintiff's son had physical impairments, including a knee replacement surgery in the Summer of 2019. Plaintiff's son resided with Plaintiff at this time.

124.    Plaintiff's son's knee replacement surgery substantially limited one or more of Plaintiff's son's life activities, and required Plaintiff to reduce her schedule to help him.

125.    Plaintiff's son had a disability as defined by MO. REV. STAT. § 213.010(4).

126.    In the alternative, Plaintiff's son has a record of having a disability which substantially limits one or more of Plaintiff's son's major life activities.

127.     In the alternative, Defendant regarded Plaintiff's son as having a disability which

substantially limits one or more of Plaintiff's son's life activities.

128.     MO. REV. STAT. § 213.070(4) makes it an unlawful discriminatory practice "[t]o

discriminate in any manner against any other person because of such persons

association with any person protected by this chapter."

129.     Plaintiff, as the caretaker of her son who had a disability is a person protected by

MO. REV. STAT. § 213.010, *et seq.*

130.     Plaintiff's association with her son was a motivating factor in the discrimination,

harassment, retaliation, and/or the hostile work environment as alleged herein.

131.     Defendant knew, or should have known, of the discrimination, harassment,

retaliation, and/or hostile work environment as alleged herein based on Plaintiff's

association with her son and failed to implement prompt and effective remedial

actions.

132.     Defendants' actions and/or inactions constitute unlawful employment discrimination

against Plaintiff in violation of the MHRA.

133.     A After Defendant knew or should have known of the discrimination, harassment,

and/or that Plaintiff was being treated differently than her co-workers, Defendant

failed to adequately investigate, respond to, correct, and/or implement prompt and

effective remedial action regarding the harassment, discrimination, or different

treatment to which Plaintiff was subjected.

134.     Defendants' conduct towards or concerning Plaintiff represents a pattern and practice

by Defendant of harassing, discriminating, and/or treating employees who are

disabled, perceived as being disabled, and/or associating with individuals who are disabled.

135.   Defendant's actions and/or inactions occurred by and/or through its agents, servants, and/or employees acting within the course and scope of employment.

136.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is entitled to other appropriate equitable relief.

137.   Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

138.   Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

139.   Any cap or limitation on Plaintiff's damages that may be imposed by RSMo. § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury. Mo. Const. art. I, 22(a); separation of powers, Mo. Const. art. II § 11; the right to equal protection, Mo. Const. art. I, § 2, the prohibition on special legislation, Mo. Const. art III, § 40; and the right to due process. Mo. Const. art. § 10.

**WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 et seq., (2017); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper

**COUNT V**
**AGE DISCRIMINATION IN VIOLATION OF THE MHRA**

140.     Plaintiff incorporates all allegations of this Petition as if fully set forth herein.

141.     Plaintiff was born in 1959 and is a member of a protected class within the meaning of MO. REV. STAT. § 213.055.1

142.     Plaintiff's age motivated to Defendants' decisions to harass, discriminate against, and/or treat Plaintiff differently than Plaintiff's co-workers as alleged herein.

143.     Defendants subjected Plaintiff to discrimination, harassment, and/or treated her differently than her co-workers on a continuous and/or ongoing basis.

144.     Defendants knew or should have known of the harassment, discrimination, and/or that Plaintiff was being treated different than her co-workers as alleged herein because of Plaintiff's age.

145.     After Defendants knew or should have known of the discrimination, harassment, and/or that Plaintiff was being treated different than her younger co-workers, Defendants failed to adequately investigate, respond to, correct, and/or implement prompt and effective remedial action regarding the harassment, discrimination, or different treatment to which Plaintiff was subjected.

146.     Defendants' conduct towards or concerning Plaintiff represents a pattern and practice by Defendants of harassing, discriminating, and/or treating  employees differently because of their age.

147.     Defendants maintained inadequate written and unwritten policies, procedures, or guidelines with respect to discrimination and retaliation for reports of discrimination based on age.

148.     Defendants' actions and/or inactions as alleged herein constitute unlawful employment discrimination against Plaintiff in violation of the MHRA.

149.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including, but not limited to, past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

150.     Plaintiff is entitled to an award of punitive damages because Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated.

151.     Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

> **WHEREFORE,** Plaintiff prays for Judgment against Defendants, finding the acts and practices of the Defendants violated MO. REV. STAT. § 213.010 *et seq.*; for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendants to place Plaintiff in the same position she would have been absent the illegal discrimination and/or front-pay; and for such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on issues herein.

Respectfully submitted,

LUNCEFORD LAW FIRM, LLC

by:     */s/ David A. Lunceford*
        David A. Lunceford, MO #47014
        201 SE 1st Street
        Lee's Summit, Missouri 64063
        Telephone: (816) 525-4701
        Facsimile: (816) 347-0366
        Email: LLF.DLunceford@gmail.com
        ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Independence - July 19, 2021 - 09:21 AM

Electronically Filed - Jackson - Independence - July 19, 2021 - 09:21 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

CAREN HEDRICK,                     )
                                   )
Plaintiff, vs.                     )
                                   )
                                   )  **Case No:**
HOME DEPOT USA INC.                )
DBA                                )
HOME DEPOT,                        )
                                   )
Defendant.                         )

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through her attorney of record, and for its Motion for Approval/Appoint of

Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS21-0022 | Robert Finley PPS21-0035 | Chad Maier PPS21-0170 |
| Sallie Bailey PPS21-0023 | Ramona Foster PPS21-0132 | Lyle Malcom PPS21-0625 |
| Brian Bankowski PPS21-0099 | James Frago PPS21-0036 | Daniel Maglothin PPS21-0624 |
| Dustin Becraft PPS21-0024 | John Frago PPS21-0037 | Kenneth Marshall PPS21-0171 |
| Carrington Bell PPS21-0025 | David Garza PPS21-0134 | Deborah Martin PPS21-0055 |
| Miranda Bergner PPS21-0101 | Bradley Gordon PPS21-0038 | Michael Martin PPS21-0056 |
| Steven Bergner PPS21-0026 | Thomas Gorgen PPS21-0039 | Casey McKee PPS21-0626 |
| Thomas Bogue PPS21-0027 | Mason Gray PPS21-0140 | Timothy McLeary PPS21-0057 |
| Mathew Bohrer PPS21-0103 | Charles Gunning PPS21-0040 | Jennifer Mead PPS21-0628 |
| Arthur Boyer PPS21-0028 | Michael Hancock PPS21-0041 | Michael Meador PPS21-0058 |
| Scott Brady PPS21-0029 | James Hannah PPS21-0042 | Maria Meier PPS21-0059 |
| Donald Branda PPS21-0104 | Rufus Harmon PPS21-0043 | Heather Merfen PPS21-0060 |
| Jeff Brown PPS21-0030 | Stephen Heitz PPS21-0044 | Thomas Melte PPS21-0061 |
| Hester Bryant PPS21-0614 | James Hise PPS21-0045 | Jill Miller PPS21-0178 |
| Randy Burrow PPS21-0107 | Gerald Hissam PPS21-0621 | Michael Miller PPS21-0062 |
| Gary Burt PPS21-0031 | William Hockersmith PPS21-0046 | Matthew Millhollin PPS21-0063 |
| Glen Cobb PPS21-0114 | Alex Holland PPS21-0622 | Carlos Moreno PPS21-0181 |
| Norman Collins PPS21-0115 | James Johnson PPS21-0623 | Jason Moody PPS21-0064 |
| Michael Conklin PPS21-0120 | Mike Johnson PPS21-0047 | Andrew Myers PPS21-0629 |
| Lisa Corbett PPS21-0122 | Tawanda Johnson PPS21-0048 | James Myers PPS21-0630 |
| Bert Daniels PPS21-0615 | Patrick Jones PPS21-0049 | Stephanie Myers PPS21-0631 |
| Richard Davis PPS21-0617 | Wendy Hilgenberg PPS21-0050 | Christopher New PPS21-0632 |
| David Dice PPS21-0032 | Brent Kirkhart PPS21-0051 | Jeremy Nicholas PPS21-0065 |
| Maureen Dice PPS21-0033 | Janice Kirkhart PPS21-0052 | Michael Noble PPS21-0066 |
| Norman Diggs PPS21-0125 | Tyler Kirkhart PPS21-0053 | Greg Noll PPS21-0067 |
| Edwina Ditmore PPS21-0126 | Raymond Land PPS21-0162 | Mike Perry PPS21-0633 |
| Marrisa Doan PPS21-0619 | Bert Lott PPS21-0054 | Robert Peters PPS21-0193 |
| William Ferrell PPS21-0034 | Frank Lundien PPS21-0168 | Carrie Pfeifer PPS21-0068 |

Electronically Filed - Jackson - Independence - July 19, 2021 - 09:21 AM

| | | |
|---|---|---|
| Craig Poese PPS21-0069 | Brenda Schiwitz PPS21-0079 | David Taliaferro PPS21-0638 |
| Dee Powell PPS21-0070 | Mark Schneider PPS21-0209 | Michael Taylor PPS21-0639 |
| Samantha Powell PPS21-0071 | Joe Sherrod PPS21-0212 | Lucas Traugott PPS21-0223 |
| William Powell PPS21-0072 | Michael Siegel PPS21-0213 | Ryan Weekley PPS21-0084 |
| Kim Presler PPS21-0073 | Robert Simpson PPS21-0214 | Misty Wege PPS21-0230 |
| Marcus Presler PPS21-0074 | Laura Skinner PPS21-0080 | Andrew Wheeler PPS21-0085 |
| Mark Rauss PPS21-0075 | Thomas Skinner PPS21-0081 | Pamela Wheetley PPS21-0086 |
| Jorge Rivera PPS21-0634 | Richard Skyles PPS21-0082 | Andrew Wickliffe PPS21-0087 |
| Sammie Robinson PPS21-0635 | Anthony Spada PPS21-0083 | Gregory Willing PPS21-0088 |
| Jason Rodgers PPS21-0076 | Michael Stogsdill PPS21-0636 | Conni Wilson PPS21-0089 |
| Richard Roth PPS21-0077 | John Stotler PPS21-0220 | Stan Yoder PPS21-0233 |
| Edna Russell PPS21-0078 | Randy Stone PPS21-0219 | Jacqueline Young PPS21-0090 |
| Juan Santos PPS21-0207 | Sonja Stone PPS21-0218 | Greg Zotta PPS21-0091 |
| Brian Scheer PPS21-0208 | Stephanie Taggart PPS21-0637 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully submitted,

LUNCEFORD LAW FIRM

by: /s/ David A. Lunceford
David A. Lunceford, MO #47014
201 SE 1st Street
Lee's Summit, Missouri 64063
Telephone: 816-525-4701
Facsimile: 816-347-0366
LLF.DLunceford@gmail.com
ATTORNEY FOR PLAINTIFF

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

CAREN HEDRICK,            **)**
                                  **)**
Plaintiff, vs.                **)**
                                  **)**
                                  **)**   **Case No:**
HOME DEPOT USA INC.      **)**
DBA                             **)**
HOME DEPOT,           **)**
                                  **)**
     Defendant.

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

_____
Date

_____
Deputy Court Administrator

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**CAREN HEDRICK,**

|                          |                     |
|--------------------------|---------------------|
| **PLAINTIFF(S),**        | **CASE NO.  2116-CV15291** |
| **VS.**                  | **DIVISION 16**     |

**HOME DEPOT USA INC.,**

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MARCO A ROLDAN** on **10-NOV-2021** in **DIVISION 16** at **08:30 AM**.  All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1.  A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.  A trial setting;

b.  Expert Witness Disclosure Cutoff Date;

c.  A schedule for the orderly preparation of the case for trial;

d.  Any issues which require input or action by the Court;

e.  The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ MARCO A ROLDAN
MARCO A ROLDAN**, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
DAVID ANDREW LUNCEFORD, LUNCEFORD LAW FIRM LLC, 201 SE 1ST STREET, LEES SUMMIT, MO 64063

Defendant(s):
HOME DEPOT USA INC.

Dated: 19-JUL-2021

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Independence - July 19, 2021 - 09:21 AM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

CAREN HEDRICK,              )
)
Plaintiff, vs.                  )
)
)  **Case No:**
HOME DEPOT USA INC.     )
DBA                      )
HOME DEPOT,          )
)
Defendant.              )

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through her attorney of record, and for its Motion for Approval/Appoint of

Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS21-0022 | Robert Finley PPS21-0035 | Chad Maier PPS21-0170 |
| Sallie Bailey PPS21-0023 | Ramona Foster PPS21-0132 | Lyle Malcom PPS21-0625 |
| Brian Bankowski PPS21-0099 | James Frago PPS21-0036 | Daniel Maglothin PPS21-0624 |
| Dustin Becraft PPS21-0024 | John Frago PPS21-0037 | Kenneth Marshall PPS21-0171 |
| Carrington Bell PPS21-0025 | David Garza PPS21-0134 | Deborah Martin PPS21-0055 |
| Miranda Bergner PPS21-0101 | Bradley Gordon PPS21-0038 | Michael Martin PPS21-0056 |
| Steven Bergner PPS21-0026 | Thomas Gorgen PPS21-0039 | Casey McKee PPS21-0626 |
| Thomas Bogue PPS21-0027 | Mason Gray PPS21-0140 | Timothy McLeary PPS21-0057 |
| Mathew Bohrer PPS21-0103 | Charles Gunning PPS21-0040 | Jennifer Mead PPS21-0628 |
| Arthur Boyer PPS21-0028 | Michael Hancock PPS21-0041 | Michael Meador PPS21-0058 |
| Scott Brady PPS21-0029 | James Hannah PPS21-0042 | Maria Meier PPS21-0059 |
| Donald Branda PPS21-0104 | Rufus Harmon PPS21-0043 | Heather Merfen PPS21-0060 |
| Jeff Brown PPS21-0030 | Stephen Heitz PPS21-0044 | Thomas Melte PPS21-0061 |
| Hester Bryant PPS21-0614 | James Hise PPS21-0045 | Jill Miller PPS21-0178 |
| Randy Burrow PPS21-0107 | Gerald Hissam PPS21-0621 | Michael Miller PPS21-0062 |
| Gary Burt PPS21-0031 | William Hockersmith PPS21-0046 | Matthew Millhollin PPS21-0063 |
| Glen Cobb PPS21-0114 | Alex Holland PPS21-0622 | Carlos Moreno PPS21-0181 |
| Norman Collins PPS21-0115 | James Johnson PPS21-0623 | Jason Moody PPS21-0064 |
| Michael Conklin PPS21-0120 | Mike Johnson PPS21-0047 | Andrew Myers PPS21-0629 |
| Lisa Corbett PPS21-0122 | Tawanda Johnson PPS21-0048 | James Myers PPS21-0630 |
| Bert Daniels PPS21-0615 | Patrick Jones PPS21-0049 | Stephanie Myers PPS21-0631 |
| Richard Davis PPS21-0617 | Wendy Hilgenberg PPS21-0050 | Christopher New PPS21-0632 |
| David Dice PPS21-0032 | Brent Kirkhart PPS21-0051 | Jeremy Nicholas PPS21-0065 |
| Maureen Dice PPS21-0033 | Janice Kirkhart PPS21-0052 | Michael Noble PPS21-0066 |
| Norman Diggs PPS21-0125 | Tyler Kirkhart PPS21-0053 | Greg Noll PPS21-0067 |
| Edwina Ditmore PPS21-0126 | Raymond Land PPS21-0162 | Mike Perry PPS21-0633 |
| Marrisa Doan PPS21-0619 | Bert Lott PPS21-0054 | Robert Peters PPS21-0193 |
| William Ferrell PPS21-0034 | Frank Lundien PPS21-0168 | Carrie Pfeifer PPS21-0068 |

| | | |
|---|---|---|
| Craig Poese PPS21-0069 | Brenda Schiwitz PPS21-0079 | David Taliaferro PPS21-0638 |
| Dee Powell PPS21-0070 | Mark Schneider PPS21-0209 | Michael Taylor PPS21-0639 |
| Samantha Powell PPS21-0071 | Joe Sherrod PPS21-0212 | Lucas Traugott PPS21-0223 |
| William Powell PPS21-0072 | Michael Siegel PPS21-0213 | Ryan Weekley PPS21-0084 |
| Kim Presler PPS21-0073 | Robert Simpson PPS21-0214 | Misty Wege PPS21-0230 |
| Marcus Presler PPS21-0074 | Laura Skinner PPS21-0080 | Andrew Wheeler PPS21-0085 |
| Mark Rauss PPS21-0075 | Thomas Skinner PPS21-0081 | Pamela Wheetley PPS21-0086 |
| Jorge Rivera PPS21-0634 | Richard Skyles PPS21-0082 | Andrew Wickliffe PPS21-0087 |
| Sammie Robinson PPS21-0635 | Anthony Spada PPS21-0083 | Gregory Willing PPS21-0088 |
| Jason Rodgers PPS21-0076 | Michael Stogsdill PPS21-0636 | Conni Wilson PPS21-0089 |
| Richard Roth PPS21-0077 | John Stotler PPS21-0220 | Stan Yoder PPS21-0233 |
| Edna Russell PPS21-0078 | Randy Stone PPS21-0219 | Jacqueline Young PPS21-0090 |
| Juan Santos PPS21-0207 | Sonja Stone PPS21-0218 | Greg Zotta PPS21-0091 |
| Brian Scheer PPS21-0208 | Stephanie Taggart PPS21-0637 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully submitted,

LUNCEFORD LAW FIRM

by: */s/ David A. Lunceford*
David A. Lunceford, MO #47014
201 SE 1st Street
Lee's Summit, Missouri 64063
Telephone: 816-525-4701
Facsimile: 816-347-0366
LLF.DLunceford@gmail.com
ATTORNEY FOR PLAINTIFF

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| CAREN HEDRICK, | **)** | |
| | **)** | |
| Plaintiff, vs. | **)** | |
| | **)** | |
| | **)** | **Case No:** |
| HOME DEPOT USA INC. | **)** | |
| DBA | **)** | |
| HOME DEPOT, | **)** | |
| | **)** | |
| Defendant. | **)** | |

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is

granted and the above-named individuals are hereby approved and appointed to serve process in the above-

captioned matter.

| | |
|---|---|
| 19-Jul-2021 | |
| _____ | _____ |
| Date | Deputy Court Administrator |



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV15291 |
|---|---|
| Plaintiff/Petitioner:<br>CAREN HEDRICK<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID ANDREW LUNCEFORD<br>LUNCEFORD LAW FIRM LLC<br>201 SE 1ST STREET<br>LEES SUMMIT, MO 64063 |
| Defendant/Respondent:<br>HOME DEPOT USA INC.<br>DBA: HOME DEPOT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **HOME DEPOT USA INC.**
        **Alias:**
        **DBA: HOME DEPOT**

# PRIVATE PROCESS SERVER

**4210 SOUTH LEE'S SUMMIT ROAD**
**STORE 3006**
**INDEPENDENCE, MO 64055**

**COURT SEAL OF**

*JACKSON COUNTY*

    **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

    19-JUL-2021
    Date                            Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

    Subscribed and sworn to before me on _____ (date).

*(Seal)*

    My commission expires: _____      _____
                             Date                       Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

Electronically Filed - Jackson - Independence - August 06, 2021 - 10:05 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2116-CV15291

Plaintiff:
**CAREN HEDRICK**

vs.

Defendant:
**HOME DEPOT USA INC DBA HOME DEPOT**

For:
LUNCEFORD LAW OFFICE, LLC
201 SE 1st St
Lees Summit, MO 64063

Received by D & B Legal Services, Inc. on the 21st day of July, 2021 at 1:23 pm to be served on **HOME DEPOT USA INC DBA HOME DEPOT, 4210 SOUTH LEE'S SUMMIT ROAD, STORE 3006, INDEPENDENCE, MO 64055**.

I, Andrew Wickliffe PPS21-0087, being duly sworn, depose and say that on the **2nd day of August, 2021** at **10:09 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in Civil Case, Notice of Case Management Conference for Civil Case and Order for Mediation, Motion for Approval and Appointment of Private Process Server, Order for Appointment of Special Process Server and Petition For Damages** with the date and hour of service endorsed thereon by me, to: CHANDRA WILSON as STORE MANAGER for HOME DEPOT USA INC, at the address of: **4210 SOUTH LEE'S SUMMIT ROAD, STORE 3006, INDEPENDENCE, MO 64055**.

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 4th day of August, 2021

**NOTARY PUBLIC**

JAMES HANNAH
Notary Public - State of Kansas
My Appt. Expires

**Andrew Wickliffe PPS21-0087**
Process Server

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: POW-2021006836

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

Case 4:21-cv-00633-DGK   Document 1-3   Filed 09/01/21   Page 34 of 37



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV15291 |
|---|---|
| Plaintiff/Petitioner:<br>CAREN HEDRICK | Plaintiff's/Petitioner's Attorney/Address<br>DAVID ANDREW LUNCEFORD<br>LUNCEFORD LAW FIRM LLC<br>201 SE 1ST STREET<br>LEES SUMMIT, MO 64063 |
| Defendant/Respondent:<br>HOME DEPOT USA INC.<br>DBA: HOME DEPOT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HOME DEPOT USA INC.
               Alias:
               DBA: HOME DEPOT

**4210 SOUTH LEE'S SUMMIT ROAD**
**STORE 3006**
**INDEPENDENCE, MO 64055**

### PRIVATE PROCESS SERVER



**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

19-JUL-2021
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
               Date

_____
Signature of Sheriff or Server

_____
Notary Public

*(Seal)*

| **Sheriff's Fees** | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 21-SMCC-6708  1-5  1 (2116-CV15291)  1 of 1  Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Independence - August 06, 2021 - 10:05 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2116-CV15291

Plaintiff:
**CAREN HEDRICK**

vs.

Defendant:
**HOME DEPOT USA INC DBA HOME DEPOT**

For:
LUNCEFORD LAW OFFICE, LLC
201 SE 1st St
Lees Summit, MO 64063

POW2021006836

Received by D & B Legal Services, Inc. on the 21st day of July, 2021 at 1:23 pm to be served on **HOME DEPOT USA INC DBA HOME DEPOT, 4210 SOUTH LEE'S SUMMIT ROAD, STORE 3006, INDEPENDENCE, MO 64055**.

I, Andrew Wickliffe PPS21-0087, being duly sworn, depose and say that on the **2nd day of August, 2021** at **10:09 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in Civil Case, Notice of Case Management Conference for Civil Case and Order for Mediation, Motion for Approval and Appointment of Private Process Server, Order for Appointment of Special Process Server and Petition For Damages** with the date and hour of service endorsed thereon by me, to: **CHANDRA WILSON as STORE MANAGER** for **HOME DEPOT USA INC**, at the address of: **4210 SOUTH LEE'S SUMMIT ROAD, STORE 3006, INDEPENDENCE, MO 64055**.

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 4th day of August, 2021

_____
NOTARY PUBLIC

JAMES HANNAH
Notary Public - State of Kansas
My Appt. Expires

_____
**Andrew Wickliffe PPS21-0087**
Process Server

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: POW-2021006836

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

Electronically Filed - Jackson - Independence - August 06, 2021 - 10:05 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2116-CV15291 |
|---|---|
| Plaintiff/Petitioner:<br>CAREN HEDRICK | Plaintiff's/Petitioner's Attorney/Address<br>DAVID ANDREW LUNCEFORD<br>LUNCEFORD LAW FIRM LLC<br>201 SE 1ST STREET<br>LEES SUMMIT, MO 64063 |
| **vs.** | |
| Defendant/Respondent:<br>HOME DEPOT USA INC.<br>DBA: HOME DEPOT | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HOME DEPOT USA INC.
Alias:
    **DBA: HOME DEPOT**

**4210 SOUTH LEE'S SUMMIT ROAD**
**STORE 3006**
**INDEPENDENCE, MO 64055**

## PRIVATE PROCESS SERVER



**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

19-JUL-2021
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
      Date

_____
Signature of Sheriff or Server

_____
Notary Public

*(Seal)*

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 21-SMCC-6798  1-3  1 (2116-CV15291)  1  Rsmo 506.120 – 506.140, and 506.150 RSMo
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo